B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| TELCOENERGY CORPORATION | DENNIS G. MCLAUGHLIN |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| JOHN H. CARNEY & ASSOCIATES<br>5005 GREENVILLE AVE., SUITE 200<br>DALLAS, TX 75206 | |

| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

PLAINTIFF SEEKS TO HAVE ANY JUDGMENT AGAINST DEFENDANT DEBTOR BE DECLARED NON-DISCHARGEABLE. 28 USC 1334, 28 USC 157(a), (b)(2)(A), (E), (G), (I), AND (J); 11 USC 727, 11 USC 532(c)(2).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Dennis G. McLaughlin | BANKRUPTCY CASE NO.  Case No.: 3:10-BK-35641 | |
| DISTRICT IN WHICH CASE IS PENDING  Northern District of Texas | DIVISION OFFICE  Dallas | NAME OF JUDGE  Jernigan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERNDISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DENNIS G. McLAUGHLIN, | § | |
| Debtor. | § | CASE NO.: 3:10-BK-35641 |
| | § | CHAPTER 7 |
| TELCOENERGY CORPORATION, | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. |
| VS. | § | |
| DENNIS G. McLAUGHLIN, | § | |
| Defendant. | § | |

## PLAINTIFF'S ADVERSARY COMPLAINT AGAINST DEBTOR

MAY IT PLEASE THE COURT:

COMES NOW Telcoenergy Corporation, Plaintiff, who files this its adversary complaint against Defendant Dennis G. McLaughlin (hereinafter known as McLaughlin) and would show this Honorable Court as follows:

### I.
### JURISDICTION

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. 157(a). The Court has the authority to enter a final order regarding this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (E), (G), (I), (J) and (O). Plaintiff brings this Complaint pursuant to Rule 7001 of the Rules of Bankruptcy Procedure, 11 U.S.C. § 727, 11 U.S.C. § 523(a)(2), as well as other provisions.

### II.
### DEFENDANT/SERVICE

2. Defendant McLaughlin is an individual residing who regularly conducts business at 3001 Knox Street, Suite 403, Dallas, Texas 75205. He may be served by personal service at his regular place of business. A copy of the complaint and exhibits shall also be served on his

counsel of record in the bankruptcy case, Coffin & Driver, PLLC, 7557 Rambler Road, Suite 110, Dallas, Texas 75231.

3. Plaintiff is a corporation incorporated under the laws of the State of Oklahoma.

## III.
## BACKGROUND/FACTS

4. On or about October 10, 2004 Plaintiff entered into a contract, or more specifically a share exchange agreement (the "Agreement" - a true and correct copy of the Agreement is attached hereto as Exhibit A and made a part hereof for all purposes) whereby Plaintiff agreed to exchange 100% of its shares of Landhold Corportaion., with an agreed upon net value of Ten Million Dollars ($10,000,000), for 50% of the shares of TKM Oil and Gas Corp. (herein referred to as "TKM"). The other parties to the Agreement (who were and are controlled by the Defendant) were Trenton Lighthouse, L.P., and MAC Partners, L.P., (collectively the "Controlled Entities"). The Controlled Entities agreed to exchange 20% of their shares of Production Payment, Inc., 50% of their shares of Production Information Technologies, Inc., and Four Million (4,000,000) shares of Blue Wireless with an agreed upon aggregate net value of Ten Million Dollars ($10,000,000), for the other 50% equity interest in TKM.

5. According to the Agreement, the value of the assets exchanged by the Controlled Entities was to be re-evaluated by a third party on the second anniversary date of the Agreement and, if the assets had less value than was agreed, the parties would adjust the ownership percentages to reflect a reduced ownership interest held in TKM by the Controlled Entities, but not to less than 20 percent. Defendant, for his own accord and self ineterst, refused and failed to allow the Controlled Entties to comply with this revaluation process, thereby materially breaching the Agreement.

6. Further, Defendant notified Plaintiff, both orally and in writing, that Defendant had no intention of allowing the Controlled Entities to fulfil their contractual obligations under the Agreement. Rather, Defendant attempted to restructure the terms of the Agreement, which were previously agreed to by the parties, for his own benefit and to Plaintiff's disadvantage. The Plaintiff had already committed its capital to this venture for 2 years and Defendant knew that it had Plaintiff over a barrel and that if Plaintiff did not comply with the Defendant's request, it ran the risk of seeing its Ten Million Dollar investment devalued to virtually nothing.

IV.
CAUSES OF ACTION AGAINST DENNIS G. MCGLAUGHLIN, III

7. Plaintiff asserts the following causes of action against Defendant and in support thereof would show the Court the following:

Tortious Interference with Existing Contractual Relations

8. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 7 above.

9. Under the terms of the Agreement, Plaintiff and the Controlled Entities were each obligated to exchange shares/assets worth Ten million dollars ($10,000,000.00) for a 50% equity interest in TKM by or before October 10, 2006.

10. Defendant willfully and intentionally committed acts, including but not limited to, inducing the Controlled Entities not to participate in the revaluation process as required by the Agreement and in fact attempted to renegotiate the binding terms for the Defendant's own benefit.

11. These actions by the Defendant were the proximate cause of the damages suffered by the Plaintiff as described above.

12. Plaintiff was in fact damaged by the acts of the Defendant.

## Fraud/Misrepresentation

13. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 12 above.

14. During negotiations of the Agreement, Defendant knowingly made false representations as to material facts to or knowingly concealed all or part of material information from Plaintiff and Plaintiff's agents or employees with the intent of inducing Plaintiff to enter into the exchange Agreement with the Controlled Entities and perpetuating the arrangement while Defendant bled off the value of Plaintiff's contribution. Defendant knowingly misrepresented material facts, including, but not limited to, the fact that the Controlled Entities possessed assets with the proper value to effectuate their portion of the exchange when Defendant knew that the Controlled Entities did not nor did they have the means to get to that value. Specifically, Defendant grossly misrepresented the value of the contributions to be made by the Controlled Entities pursuant to the Agreement, as well as his intent to cause the Controlled Entities comply with the contractually required re-evaluation of their contributions after two years. Defendant never intended to comply nor cooperate with any re-evaluation nor any resulting downward adjustment of Controlled Entities' ownership interest in TKM. The end result was that Defendant fraudulently induced Plaintiff to tender assets worth 10 million dollars into a new entity created pursuant to the Agreement which would then be controlled by the Defendant, thereby allowing Defendant to take control of millions of dollars worth of Plaintiff's assets for the purpose of misappropriating them and/or manipulating and depleting their value for the benefit of the Defendant.

15. Plaintiff further alleges that Defendant's representations concerned material facts and that Plaintiff would not have agreed to the exchange Agreement had Plaintiff known about the falsity

of the representations. These representations were justifiably relied upon by Plaintiff to Plaintiff's substantial injury and damage as described herein.

## Conspiracy to Commit Fraud

16. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 20 above.

17. Defendant was a member of a combination of two or more persons the object of which was to defraud the Plaintiff out of control of millions of dollars.. The Defendant had a meeting of the minds on the course of action with other representatives of the Controlled Entities. The Defendant committed an unlawful, overt act or acts to further the conspiracy. Specifically, Defendant acted to induce the Controlled Entities not to participate in the revaluation process as required by the Agreement and in fact attempted to renegotiate the binding terms for the Defendant's own benefit. Additionally, the Controlled Entities, through Dennis G. McLaughlin, III, and Dennis G. McLaughlin, III, individually, performed acts and executed various instruments, including but not limited to, Membership Interests Purchase Agreement dated February 7, 2005 and Revocable Proxy dated August 11, 2005, all with the express purpose of conspiring to defraud Plaintiff of the value of its 50% ownership interest in TKM.

18. The Plaintiff suffered injury as a proximate result of these wrongful acts.

## Declaratory Relief

19. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 18 above.

20. Under the terms of the Agreement, Plaintiff and the Controlled Entities were each obligated to exchange shares/assets worth Ten million dollars ($10,000,000.00) for a 50% equity interest in TKM by or before October 10, 2006. Plaintiff has fulfilled its contractual obligations under the Agreement, including but not limited to by making its valuable contribution pursuant

to the contract, worth $10,000,000, which value was agreed in writing by the parties, in return for its 50% equity interest in TKM. The Controlled Entities were required to tender assets worth $10 million as well, and to submit to independent evaluation of contributed assets after two years, at which time they were required to equalize their contribution or receive an adjustment to their ownership percentage in TKM if their contribution was determined not to be worth $10 million. The Agreement provided that the Controlled Entities' equity would not be adjusted below a twenty percent (20%) interest. The Controlled Entities refused to participate in the revaluation at the behest of Defendant.

21.     There now exists a justiciable controversy as the respective equity holdings of the parties to the Agreement. Plaintiff avers that the respective holdings in TKM should be 80% in favor of the Plaintiff and 20% in favor of the Controlled Entities; the Controlled Entities on the other hand aver that the respective holding are 50% each.

22.     Plaintiff further alleges that Defendant has filed his bankruptcy petition (the "Petition") in bad faith as Plaintiff was about to once again obtain a summary judgment against Defendant based upon the representations described herein.[1]

23.     Pursuant to Section 523 of the Bankruptcy Code, Plaintiff further requests that the Court enter an order of nondischargability with respect to any judgment obtained by the Plaintiff in this action.

---

[1] In the underlying case of TelcoEnergy Corporation vs. Trenton Lighthouse, L.P. , MAC Partners, L.P. , Dennis G. McLaughlin III, Individually, and Southwest Energy Investments, Inc., CAUSE NO. DC-06-09658 in the 68th Judicial District of Dallas County Texas (the "Underlying Case") the Plaintiff was originally granted summary judgment against all defendants jointly and severally (on various causes of action including for fraud). The judgment was set aside as the Defendants claimed that they had not had time to retain counsel to respond to Plaintiff's motion for summary judgment. Plaintiff then filed a second motion for summary judgment. As was the case with respect to the first motion for summary judgment, the Defendants failed to file a response to the second motion for summary judgment.

24. The Plaintiff has retained the law form of John H. Carney & Associates to represent the Plaintiff in this action and has agreed to pay the law firm a reasonable and necessary attorneys' fee.

## Violation of Restraining Orders

25. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 24 above.

26. Plaintiff was previously issued an Order Granting Temporary Restraining order, executed on April 24, 2006 in the Underlying Case and the Parties later executed an Agreed Order on Motion to Extend Temporary Restraining Order executed on May 24, 2006, restraining Defendants, their agents, servants, and employees, from "disposing of any assets of TKM Oil and Gas Corp., specifically, any and all shares of Apollo Resources international, Inc., (AOOR), owned by TKM or to which TKM may have a claim (the "Restraining Orders"). A true and correct copy of the Restraining Orders are attached hereto as Exhibit B and made a part herof for all purposes[2].

27. Defendant has breached the Restraining Orders by disposing of TMK assets for his own benefit and has further caused the Controlled Entities to breach the Restraining Orders. Plaintiff requests Defendant be held in contempt, and held responsible for all resulting damage, and such other and further relief as deemed appropriate by this Honorable Court.

## Violation of Texas Business & Commerce Code Scetion 27.01 (Fraud in Real Estate and Stock Transactions)

28. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 27 above.

---

[2] Please note that the Restraining Orders were issues out of the 359th Judicial District of Montgomery County Texas, who then transferred the case to the 68th Judicial District of Dallas County Texas.

29. Plaintiff alleges that the because of the misrepresentations made by Defefendant in inducing the Plaintiff to enter into the Agreement which were justifiably relied upon by Plaintiff and were the proximate cause of Plaintiff's damages, Plaintiff brings a cause of action against Defendant pursuant to Section 27.01 of the Texas Business & Commerce Code.

## DAMAGES

30. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 29 above.

31. Plaintiff has suffered economic losses and anticipates further economic losses in excess of the minimum jurisdictional limits of this Court as a result of Defendant's conduct.

32. Plaintiff's losses were directly and proximately caused by Defendant's actions and representations as noted above.

33. Plaintiff seeks by this action to have the Agreement specifically enforced as to the ownership percentages stated thereunder. Plaintiff seeks to have the Defendants' ownership interest in TKM reduced to 20 percent and Plaintiff's ownership interest increased to 80 percent.

34. Additionally, Plaintiff seeks recovery of pre-judgment interest on his damages at the maximum rate allowed by law, post-judgment interest, attorney's fees, and costs incurred as a result of prosecuting this suit against Defendants.

35. Plaintiff further alleges that because Defendant knew that the representations described herein were false at the time they were made, the representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, Plaintiff will show that it has incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action. Accordingly, Plaintiff requests that exemplary damages be awarded against Defendant in a sum to be proven at trial. Plaintiff seeks to recover the entire agreed value of its contributions, $10 million, that was siphoned off by

Defendant and burned away by malfeasance and mismanagement through fraud, and in breach of contract.

36. As a result of the Defendant's conduct as described in this Petition, Plaintiff has been required to retain the services of attorneys to prosecute this action. Plaintiff requests judgment against the Defendants for reasonable attorney's fees expended by it in prosecuting this action pursuant to Texas Civil Practice & Remedies Code § 38.001.

37. By reason of Plaintiff's reliance on Defendants' representations and/or fraudulent concealment of material facts described above, Plaintiff has been damaged in an amount of $10,000,000.00 (ten million dollars), representing the value of its contribution to the venture described in the Agreement, plus attorney's fees and court costs.

## CONDITIONS PRECEDENT PERFORMED

38. All conditions precedent necessary to Plaintiff's recovery have been performed.

## VIII.
## PRAYER

39. WHEREFORE. Plaintiff, TELCOENERGY CORPORATION, requests that:

Defendant be cited to appear and answer and that upon final trial the Plaintiff be granted 80% ownership in TKM and recover actual damages of ten million dollars, an amount exceeding the minimum jurisdictional limits of this Court, exemplary damages; attorney's fees, all costs of court expended or incurred, and interest at the maximum rate provided by law. Plaintiff further prays that Defendants be held in contempt and for all such other relief, whether at law or in equity, to which it may be justly entitled. Finally, Plaintiff prays that any judgment that be awarded against Defendant in favor of Plaintiff be ordered to be nondischargable pursuant to Section 523 of the United States Bankruptcy Code.

Respectfully submitted,

JOHN H. CARNEY & ASSOCIATES

By: /s/ John H. Carney
John H. Carney
State Bar No. 03832200
Houston M. Watson II
State Bar No. 20939500
One Meadows Building
5005 Greenville Avenue, Suite 200
Dallas, Texas 75206
Tel (214) 368-8300
Fax (214) 363-9979
ATTORNEYS FOR PLAINTIFF
TELCOENERGY CORPORATION

## AGREEMENT

This Agreement (the "Agreement") entered into and effective this 27th day of October 2004 between MAC Partners, LP and Trenton Lighthouse, LP, both Texas limited partnerships, (herein referred to as "MAC/Trenton"), TelcoEnergy Corporation, an Oklahoma corporation (herein referred to as "TelcoEnergy") and TKM Oil & Gas, Inc., a Texas corporation, (herein referred to as "TKM") hereby agree as follows:

1. MAC/Trenton, TelcoEnergy and TKM (the "Parties"), agree to exchange their assets in a tax-free exchange under Rule 351 of the Internal Revenue Code. The Parties shall be the 80% control group required for tax-free treatment under Rule 351. MAC Partners, LP and Trenton Lighthouse, LP are two distinctly separate entities making separate contributions.

2. TKM has been formed and incorporated with the State of Texas. The Articles of Incorporation were filed and effective October 15, 2004. TKM has one hundred fifty million (150,000,000) common shares and ten million (10,000,000) preferred shares authorized and no shares issued and outstanding.

3. TelcoEnergy Corporation shall exchange 100% of the shares of Landhold for 50% of the shares of TKM. Landhold owns 100% of BC&D Oil and Gas Corp., (herein referred to as "BC&D"), with an agreed upon net value of Ten Million Dollars ($10,000,000.00).

4. MAC/Trenton shall exchange 20% of the shares of Production Payment, Inc. (herein referred to as "PPI"), 50% of Production Information Technologies, Inc. (herein referred to as "PIT") and four million (4,000,000) shares of Blue Wireless (herein referred to as "Blue") with an agreed upon combined net value of Ten Million Dollars ($10,000,000.00), for the other 50% equity interest in TKM.

5. TelcoEnergy and MAC/Trenton will each receive twenty million (20,000,000) shares of TKM and will have equal representation on the board of directors of TKM.

**PLAINTIFF'S EXHIBIT**

A

6. The price value of PPL, PTI and the Blue shares contributed by MAC/Trenton shall be re-evaluated after two years from the signing of this Agreement by an independent third party. In the event that the value of PPL, PTI and the shares of Blue contributed by MAC/Trenton are not equal to $10 million MAC/Trenton can contribute additional assets, stock or businesses to TKM to equal the $10 million contribution from Landhold. If MAC is unable to make a sufficient additional contribution equal to Landhold, then MAC/Trenton will surrender to TelcoEnergy sufficient TKM shares to make up any deficit in the $10 million value. Therefore, if MAC/Trenton is only able to contribute $8.0 million in value, for example, it will surrender 20%, worth of TKM shares. However, in no case shall Trenton own less than 20% of TKM and in no case shall the parties jointly own less than 80% because the shares shall be re-proportioned to TelcoEnergy based on the adjusted value of the MAC/Trenton contributions.

7. TKM has formed a wholly-owned subsidiary called Theseus Resources, Inc., a Texas corporation, (herein referred to as "Theseus"). TKM shall sell Theseus to Powerball, Inc., a fully reporting public company, (therein referred to as "Powerball), in exchange for 90% ownership of Powerball. As a condition to this agreement the sale of Theseus to Powerball shall be completed by October 28th.

MAC PARTNERS, LP

_____
/Mark Ariail, General Manager
MAC General Partners, LLC

TRENTON LIGHTHOUSE, LP

_____
Dennis G. McLaughlin, III,
General Manager

TELCOENERGY CORPORATION

_____
Peter Knollenberg, President

3

CAUSE NO. 06-04-03935-CV

| | |
|---|---|
| TELCOENERGY CORP | IN THE DISTRICT COURT OF |
| VS. | MONTGOMERY COUNTY, TEXAS |
| TRENTON LIGHTHOUSE L.P., MAC PARTNERS, L.P., and DENNIS G. McLAUGHLIN, III, INDIVIDUALLY | 359th JUDICIAL DISTRICT |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

TELCOENERGY CORP, Plaintiff in this cause, has filed a petition, supported by affidavit, for a temporary injunction and, in connection therewith, has presented a request for a temporary restraining order, as set forth in its petition. It clearly appears from the facts set forth in the Petition and affidavit that unless Trenton Lighthouse L.P., MAC Partners, L.P. and Dennis McLaughlin, III, individually are immediately restrained from disposing of any assets of TKM Oil and Gas Corp., specifically, any and all shares of Apollo Resources International, Inc. (AOOR), owned by TKM or to which TKM may have a claim, they will commit the foregoing acts before notice can be given and a hearing is had on plaintiff's motion for a temporary injunction; and that if the commission of these acts are not restrained immediately, Plaintiff will suffer irreparable injury because it will lose its investment of time, resources and good will it has invested in the TKM Oil and Gas Corp. and Defendants will not have the resources to repay any judgment the Plaintiff could get in this matter.

IT IS, THEREFORE, ORDERED that Trenton Lighthouse L.P., MAC Partners, L.P. and Dennis McLaughlin, III, individually, defendants in this cause, be, and hereby are, commanded forthwith to desist and refrain from disposing of any assets of TKM Oil and Gas Corp., specifically, any and all shares of Apollo Resources International, Inc. (AOOR), owned by TKM

SCANNED

PLAINTIFF'S EXHIBIT
B

or to which TKM my have a claim, from the date of entry of this order until and to the fourteenth day after entry or until further order of this Court.

IT IS FURTHER ORDERED that the petition of TelcoEnergy, Plaintiff, for temporary injunction be heard before this Court on the 5th day of May, 2006, at 9:00 A.M.

The clerk of the above-entitled Court shall forthwith, on the filing by Plaintiff of the bond hereinafter required, and on approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order.

This order shall not be effective unless and until Plaintiff executes and files with the clerk a bond, in conformity with the law, in the amount of Five Hundred dollars ($ 500.00).

SIGNED on the 24th day of April, 2006.

_____
JUDGE PRESIDING

CAUSE NO. 06-04-03935-CV

| | | |
|---|---|---|
| TELCOENERGY CORP | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| TRENTON LIGHTHOUSE L.P., | § | |
| MAC PARTNERS, L.P., and DENNIS G. | § | |
| McLAUGHLIN, III, INDIVIDUALLY | § | 359th JUDICIAL DISTRICT |

### Agreed Order on Motion to Extend Temporary Restraining Order

On May 24, 2006, the Court considered the parties Agreed Motion to Extend Temporary Restraining Order in this matter and finds that good cause exists for extension of the Temporary Restraining Order, in that the parties have entered into negotiations for the settlement of the disputed issues in this matter and have agreed to this extension, as allowed by the Texas Rules of Civil Procedure. It is ORDERED that:

All provisions of the Temporary Restraining Order executed by this Court on April 24, 2006, shall remain in force and effect, without the Defendants waiving their objection to venue through their motion to transfer venue, until further notice by the parties that a hearing on the Temporary Injunction is required.

SIGNED on May 24, 2006

_____
JUDGE PRESIDING

APPROVED AND AGREED TO:

BAKER & BECK, P.C.
304 N. Main Street, Suite 4
Conroe, Texas 77301
(936) 494-2444
(936) 494-2445 (FAX)

By: _____
Christopher A. Beck
TBN 00796184

WICK PHILLIPS
500 N. Akard Street, Suite 2100
DALLAS, TX 75201
(214) 692-6200
(214) 692-6255 (FAX)

By: Sean Lemoine
J. Sean Lemoine    by permission
TBN: 24027443

PLAINTIFF'S EXHIBIT
C