B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Steven Benavides | DEFENDANTS<br>Dennis G. McLaughlin |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Mark C. Alfieri<br>901 Main Street, Suite 5200<br>Dallas Texas 75202 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff seeks to have judgment obtained in underlying lawsuit against Defendant Debtor be declared non-dischargeable pursuant to 11 U.S.C. section 523(c)(2).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $N/A |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Dennis G. McLaughlin | BANKRUPTCY CASE NO.<br>10-35641 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Jernigan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Mark C Alfieri* | | |
| DATE<br>*January 3, 2011* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*MARK C. ALFIERI* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Mark C. Alfieri (TSB 24001637)
Hermes Sargent Bates, LLP
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 facsimile

**ATTORNEY FOR STEVE BENAVIDES**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Bankruptcy Case No. 10-35641-SGJ-7** |
| | § | |
| **DENNIS G. McLAUGHLIN,** | § | |
| Debtor, | § | |
| **STEVE BENAVIDES,** | § | **Adversary No. _____** |
| Plaintiff, | § | |
| | § | |
| **v.** | § | |
| | § | **COMPLAINT OBJECTING TO** |
| **DENNIS G. McLAUGHLIN,** | § | **DISCHARGE** |
| Defendant. | § | **(11 U.S.C. §523(a)(2)** |

## COMPLAINT TO DENY DISCHARGE

COMES NOW Plaintiff, by and through its attorney of record, Mark C. Alfieri, to allege
and complain as follows:

### I. PARTIES AND JURISDICTION

1.    Plaintiff is an individual and creditor in this bankruptcy proceeding, and otherwise
entitled to bring this action.

2.    Defendant filed a Chapter 7 bankruptcy petition on August 11, 2010 (hereinafter,
the "Petition Date").

3.    Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. §157, 28 U.S.C.
§1334, and 11 U.S.C. §523. This proceeding is a core matter.

## II.  BACKGROUND

4.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

### (A)  Defendant's Fraud

5.    Prior to the Petition Date, an agreed final judgment was entered against the Debtor as a defendant in the Texas District Court case styled *Greg Martin and Steven Benavides v. Blue Wireless & Data, Inc., TKM Oil & Gas, Inc., Trenton Lighthouse, L.P., Dennis G. McLaughlin, III, Earth Biofuels, Inc. n/k/a Evolution Fuels, Inc. and Evolution Energy, Inc., Earth Biofuels Retail Fuel Company, LLC and Earth Biofuels*; cause no. DC-06-01509-B, in the 44th Judicial District Court of Dallas County (hereinafter, the "Lawsuit"). A true and correct copy of the January 4, 2010 final state court judgment is attached hereto as **Exhibit A**.

6.    Defendant McLaughlin and all other defendants in the Lawsuit agreed to the final judgment. *See* Exhibit A at p. 3.  Defendant McLaughlin and the other defendants specifically agreed that Plaintiffs (in the Lawsuit) may recover actual fraud damages in the amount of $1 million. *Id.* at p. 1. Defendant McLaughlin and the other defendants specifically agreed that they had practiced fraud on the Plaintiffs which the Court found evident by clear and convincing evidence. *Id.*

7.    The bases of fraud against the defendants in the Lawsuit were numerous. Specifically it was alleged that Defendant McLaughlin and the other defendants (i) made material misrepresentations and statements to Plaintiffs which were false when made and made with knowledge of their falsity or recklessly without any knowledge of the truth and as a positive assertion; (ii) committed statutory tock fraud against Defendants in violation of the Texas Business & Commerce Code § 27.01 regarding fraud in a transaction involving stock. See

Original Petition at **Exhibit B**, pp. 9-11, As noted *supra*, Defendant McLaughlin and the other defendants admitted that these allegations of fraud were true and consented to final judgment. *See* Exhibit A at p. 3.

## III. COUNT ONE

### (Denial of Discharge Under 11 U.S.C. §523(a)(2)(A))

8.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 6 above.

9.     11 U.S.C. §523(a) provides, in part, that a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt --

(2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by –

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

10.     The Debtor should be denied a discharge of any debt to Plaintiff because the Debtor committed actual fraud against Plaintiff as found by the Court in the underlying Lawsuit. The Debtor should be denied a discharge of any debt to Plaintiff because the Debtor agreed that he committed actual fraud against Plaintiff in the underlying Lawsuit and consented to a judgment memorializing his admission.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an order denying the Debtor a discharge of his debts to Plaintiff in this case pursuant to U.S.C. §523(a)(2), and grant such additional and further relief as this Court deems just and equitable.

DATED: January 3, 2011

Respectfully submitted,

By:   /s/ Mark C. Alfieri
      **MARK C. ALFIERI**
      State Bar No. 24001637

Hermes Sargent Bates, L.L.P.
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.749.6000
Telecopier: 214.749.6100

**ATTORNEY FOR STEVE BENAVIDES**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing instrument was served on the following individuals *via first class mail postage prepaid* on this, the 3rd of January 2011:

Dennis McLaughlin
2936 Milton Street
Dallas Texas 75205

Robert Yaquinto, Jr.
509 N. Montclair
Dallas Texas 75208

Dennis McLaughlin
3001 Knox Street, Suite 403
Dallas, Texas 75205

*Mark C.Alfieri*
**Mark C. Alfieri**

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that a copy of the foregoing was served by ECF filing upon all parties receiving notice thereby and by U.S. Regular Mail, upon the following listed below and on the attached service list on the __<sup>th</sup> day of January, 2011.


                            /s/ Mark C. Alfieri
                            **MARK C. ALFIERI**

CAUSE NO. DC-06-01509-B

| | | |
|---|---|---|
| GREG MARTIN and STEVEN BENAVIDES, Plaintiff, | § § § § | IN THE DISTRICT COURT |
| v. | § § § | |
| BLUE WIRELESS & DATA, INC., TKM OIL & GAS, INC., TRENTON LIGHTHOUSE, L.P., DENNIS G. McLAUGHLIN, III, EARTH BIOFUELS, INC. N/K/A EVOLUTION FUELS, INC. AND EVOLUTION ENERGY, INC., EARTH BIOFUELS RETAIL FUEL COMPANY, L.L.C. AND EARTH BIOFUELS OPERATING , L.L.C. Defendants. | § § § § § § § § § § § § | DALLAS COUNTY, TEXAS        44th JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

On this day came on to be heard the above-styled and numbered cause. Plaintiffs appeared in person and through their counsel and announced ready for trial. Defendants all appeared in person and announced ready for trial. The Court, having read the pleadings and having heard the agreements of the parties, is of the opinion and finds that Plaintiffs are entitled to recover damages of and from Defendants, jointly and severally, as a consequence of Defendants' fraud practiced upon Plaintiffs, which fraud the Court hereby finds by clear and convincing evidence.

IT IS, THEREFORE, ORDERED that Plaintiffs have and recover fraud damages in the amount of $1,000,000.00 of and from Defendants Blue Wireless & Data, Inc., TKM Oil & Gas, Inc., Trenton Lighthouse, L.P., Dennis G. McLaughlin, III, Earth Biofuels, Inc. (n/k/a Evolution Fuels, Inc. and Evolution Energy, Inc.), Earth Biofuels Retail Fuel Company, L.L.C. and Earth

AGREED FINAL JUDGMENT                                             Page 1



EXHIBIT
A

Biofuels Operating, L.L.C., jointly and severally.

IT IS FURTHER ORDERED that Plaintiffs shall be entitled to recover prejudgment interest on the damage award of $1,000,000.00 at the rate of 10% per annum, computed as simple interest, from February 10, 2006, through the date of entry of this judgment.

IT IS FURTHER ORDERED that, in the event either prior to or after the entry of this Judgment, Defendants, or any of them, seek to withdraw their consent to the entry of this judgment or seek any post-judgment relief, including but not limited to any motion for new trial, modification or appeal, then Plaintiffs shall be entitled to recover an additional fraud damages in the amount of $1,000,000 of and from Defendants, jointly and severally.

IT IS FURTHER ORDERED that post-judgment interest on the entirety of this judgment shall accrue at the rate of 10% per annum, computed as simple interest, commencing on the date of entry of this judgment until paid in full.

IT IS FURTHER ORDERED that Defendant Blue Wireless & Data, Inc. take nothing on its counterclaim.

IT IS FURTHER ORDERED Plaintiffs, having elected a judgment on their fraud claims against Defendants, all other claims and relief sought by Plaintiffs not granted herein are *and Defendants* denied.

All costs of Court are hereby taxed against Defendants.  Plaintiffs shall be entitled to all

writs, executions and orders for the enforcement and collection of this judgment.

SIGNED this 4th day of January ~~2009.~~ 2010.

Judge Presiding

**AGREED AS TO SUBSTANCE
AND FORM:**

Dennis G. McLaughlin, III, individually
and as officer, member and/or authorized
agent of Defendants Blue Wireless &
Data, Inc., TKM Oil & Gas, Inc.,
Trenton Lighthouse, L.P., Earth Biofuels,
Inc., (n/k/a Evolution Fuels, Inc. and
Evolution Energy, Inc.), Earth Biofuels Retail
Fuel Company, L.L.C. and Earth Biofuels
Operating, L.L.C.

Scott A. Scher
**Attorney for Plaintiffs**

Stewart Clancy
**Attorney for Defendants and
Counter-Plaintiff**

AGREED FINAL JUDGMENT                                          Page 3

NO. _____

| | | |
|---|---|---|
| GREG MARTIN and<br>STEVEN BENAVIDES | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| BLUE WIRELESS & DATA, INC.; | § | DALLAS COUNTY, TEXAS |
| TKM OIL & GAS, INC.; | § | |
| TRENTON LIGHTHOUSE, L.P.; and | § | |
| DENNIS G. MCLAUGHLIN, III | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

_____ JUDICIAL DISTRICT

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Greg Martin and Steven Benavides ("Plaintiffs") and file this, their Original

Petition complaining of Blue Wireless & Data, Inc. ("Blue"), TKM Oil & Gas, Inc. ("TKM"),

Trenton Lighthouse, L.P. ("Lighthouse") and Dennis G. McLaughlin, III ("McLaughlin")(Blue,

TKM, Lighthouse and McLaughlin are collectively referred to as the "Defendants"), and for causes

of action state as follows.

## I. DISCOVERY CONTROL PLAN

1.1.    Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff intends for discovery to

be conducted herein under Level 3, as set forth in Rule 190.4.

**PLAINTIFFS' ORIGINAL PETITION – Page 1**



EXHIBIT
B

## II. PARTIES

2.1.   **Blue Wireless & Data, Inc.** is a Delaware corporation doing business and which has done business in Texas, including Dallas County, Texas. Although required by law to have one, Blue has not designated an agent for service of process in Texas. Therefore, Blue can be served with process by serving its President, Christopher Chambers, at Blue's principal place of business located at 3001 Knox Street, Suite 401, Dallas, Texas 75205.

2.2.   **TKM Oil & Gas, Inc.** is a Domestic For-Profit corporation doing business and which has done business in Texas, including Dallas County, Texas. TKM can be served with process through its registered agent, Roger Crabb, at 5956 Sherry Lane, Suite 1400, Dallas, Texas 75225. TKM's principal place of business is located at 3001 Knox Street, Suite 403, Dallas, Texas 75205.

2.3.   **Dennis G. McLaughlin, III** is an individual that resides in Dallas County, Texas. He can be served with process by serving him at his office address located at 3001 Knox Street, Suite 407, Dallas, Texas, 75205.

2.4.   **Trenton Lighthouse, L.P.** is a domestic limited partnership. Lighthouse can be served with process through its registered agent, Bryan J. Wick, at 5950 Sherry Lane, Suite 405, Dallas, Texas 75225. Lighthouse's principal place of business is located at 2705 Canton Street, Dallas, Texas 75206.

## III. JURISDICTION

3.1   This Court has personal jurisdiction over the Defendants as a result of their residence in and/or continuous and systematic business contacts with this state, and due to the fact that Plaintiffs' claims arise from and/or relate to Defendants' contacts with the state.

PLAINTIFFS' ORIGINAL PETITION – Page 2

## IV. VENUE

4.1.     Venue is proper in this Court under, *inter alia,* Texas Civil Practice and Remedies Code Section 15.002(a)(1) because it is the county where all or a substantial part of the events giving rise to Plaintiffs' claims occurred. TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(1).

## V. CONDITIONS PRECEDENT AND PLEADING IN THE ALTERNATIVE

5.1.     All conditions precedent have been satisfied or waived.

5.2.     Plaintiffs hereby plead all of their claims, causes of action, relief demanded, and further pleadings alternatively and hypothetically, without specifying in each separate paragraph herein that same are thus pled alternatively and hypothetically, as specifically allowed by Texas Rules of Civil Procedure 47, 48, and 51.

## VI. FACTUAL BACKGROUND

6.1.     Greg Martin ("Martin") and Steven Benavides ("Benavides") (together, "Plaintiffs") were the sole shareholders of DSG Technology, Inc. ("DSG"). They spent years starting and building a business as a wireless broadband internet service provider ("ISP") providing services to mostly remote areas. Their business, which was called Panaband and was a d/b/a under DSG, was very successful.

6.2.     In November of 2004, Blue contacted Plaintiffs to inquire as to their interest in selling Panaband. Plaintiffs attended an initial meeting in December of 2004 with McLaughlin, Christopher "Kit" Chambers ("Chambers"), and others with Blue. At that meeting, McLaughlin and Chambers explained Blue's plans for acquiring the smaller wireless ISP's in the area and forming a larger ISP that would be an acquisition target. They told Plaintiffs that the acquisition of Panaband

**PLAINTIFFS' ORIGINAL PETITION – Page 3**

was critical to their strategy as Panaband was the biggest fish in the pond.

6.3.    McLaughlin and Blue proposed a cash and stock transaction to purchase Panaband.

Plaintiffs were very concerned about agreeing to receive any stock in Blue as a component of the

purchase of Panaband, especially considering that (at the time) the entire market capitalization of

Blue was less than $900,000. McLaughlin assured Plaintiffs that Blue's stock would be at

$0.10/share by Christmas (it was then trading at less than $.02/share). McLaughlin further promised

Plaintiffs that, although he couldn't put it in writing, he would "protect" the Plaintiffs at $0.05/share

and "make it right" at that level if the price moved dramatically.

6. 4    Blue and McLaughlin were proposing that the stock portion of the purchase be

accomplished by a convertible debenture that wouldn't mature until March of 2006 and that the cash

portion of the purchase would be paid in 12 equal monthly installments pursuant to a promissory

note. While Plaintiffs thought that the proposed purchase price was fair, they were unwilling to take

the risk of a payout and a future convertible debenture from Blue as it seemed questionable that Blue

could make good on the note payments or the debenture.  In order to convince Plaintiffs to sell

Panaband under the proposed terms, McLaughlin then promised that two companies he owned or

controlled, TKM and Lighthouse, would be guarantors of the purchase price.  McLaughlin assured

Plaintiffs that these entities were financially able to make good on their guarantee and agreed that

TKM would be primarily liable along with Blue for all amounts owed.  McLaughlin also provided

financial documents for TKM and Lighthouse to Plaintiffs showing that these entities possessed

millions of dollars of assets. McLaughlin represented that TKM had over $20,000,000 in marketable

securities, and provided documents supporting his representation.  At the same time, McLaughlin

agreed to make the convertible debenture convertible to cash or stock at Plaintiffs' option.

     6.5     Based on McLaughlin's promises and guarantees, Plaintiffs agreed to sell Panaband

to Blue. Blue and Plaintiffs entered into a Stock Purchase Agreement for the sale of all of the stock

of DSG dated March 15, 2005 (the "Stock Purchase Agreement," which is attached hereto as Exhibit

A). To secure the payment of the cash portion of the purchase price of $445,092, Blue executed a

Secured Promissory Note dated March 15, 2005 (the "Note," which is attached hereto as Exhibit B).

TKM as a guarantor of that Note assumed primary liability thereon. The Note obligates Blue and

TKM to make twelve monthly payments of $37,091 to Plaintiffs. Blue has been late on its payments

from the beginning and is now approximately seven payments past due.

     6.6     Accordingly, Blue and TKM are in Default as defined in General Terms 2(a) of the

Note. Therefore, the entire principal balance owed under the Note is due and payable immediately

by both Blue and TKM. Notice of Default was given to Blue, TKM and McLaughlin and demand

for payment of the Note was made by letter dated December 30, 2005. (The demand letter is

attached hereto as Exhibit C). The past due amount referenced above, late payment penalties

provided for in § 8 of the Note's General Terms, plus the note payments accelerated by Blue's

Default make the total now due under the Note approximately $233,346.10.

     6.7     As further part of the sale of DSG, a Convertible Debenture dated March 15, 2005

was entered into by and between Blue, and Plaintiffs (the "Debenture," A copy of which is attached

hereto as Exhibit D). The Debenture gives the Plaintiffs the option of receiving the full outstanding

principal amount of one million dollars ($1,000,000) in cash, or converting the Debenture into

$1,000,000 of stock in Blue under the terms described therein, at any time on or before March 15,

**PLAINTIFFS' ORIGINAL PETITION – Page 5**

2006, at Plaintiffs' election. Lighthouse and TKM are both guarantors under the Debenture. TKM has primary liability under the Debenture along with Blue for $1,000,000 should Plaintiffs elect to receive cash. Lighthouse guarantees the stock conversion part of the Debenture should Plaintiffs elect to receive stock.

6.8     The Debenture provides that both Lighthouse and TKM are to provide financial statements to Plaintiffs upon their request. Plaintiffs have repeatedly requested this financial information but, other than receiving this information on closing and on one other occasion approximately six months ago, their requests have gone unanswered. This information is necessary for the Plaintiffs to evaluate their choice of performance pursuant to the Debenture. As a result of the Defendants' breach of contract and fraudulent actions in concealing their financial information from Plaintiffs, Plaintiffs are unable to make an informed decision on converting the Debenture into stock in Blue (or equally valuable equity held by Lighthouse), or electing cash from Blue and TKM. Plaintiffs therefore sue Defendants alternatively for each of these remedies.

6.9     From the beginning Blue was delinquent in making its required payments.   In response to Plaintiffs inquiries and concerns, meetings were held with Blue and McLaughlin wherein McLaughlin made representations concerning imminent funding for Blue that would take care of the payment issues. In May of 2005, with full knowledge that Plaintiffs were contemplating their legal remedies under the transaction documents, McLaughlin told the Plaintiffs that within 6 weeks he would have funding in place that would "require" him to retire all outstanding debt of Blue (including Plaintiffs) immediately. Plaintiffs met with Blue and McLaughlin once again in October of 2005. At that meeting, Plaintiffs questioned Dennis about guarantors TKM and Lighthouse.

McLaughlin informed Plaintiffs for the first time at that meeting that the holdings of TKM were in

the form of restricted shares of Apollo (another entity that McLaughlin controls), and that selling the

shares or borrowing against them would be difficult, but that it would be "very easy" to borrow

against them on November 15, 2005 when the restrictions were lifted. McLaughlin promised that

he had other financing in the works, but that in a "worst case" scenario he would be able to catch up

with the payments he owed to Plaintiffs by November 15.    That did not happen.    In short,

McLaughlin used these and other promises to forestall legal action by Plaintiffs.

6.10    One of the rights given to Plaintiffs under the transaction documents is to get all the

stock in DSG back in the event of default. During the first one to six months after closing this might

have been possible. However, Plaintiffs refrained from taking that drastic step in reliance upon the

misrepresentations made by Blue and McLaughlin. Now, the lines between Panaband and Blue have

been blurred, Blue has changed out most of the network equipment, Blue (due to delinquent tower

rent payments) has lost the main Panaband tower (along with 150 subscribers), and the reputation

of Panaband has been harmed by Blue's actions. Plaintiffs' reasonable reliance upon Blue and

McLaughlin's misrepresentations have essentially made one of the remedies available to Plaintiffs

unavailable.

6.11    Plaintiffs agreed to sell Panaband to Blue under the agreed terms because of the

promises and guarantees of McLaughlin and his controlled entities TKM and Lighthouse and based

on McLaughlin's assurances that these entities were financially capable of paying the note and

debenture. Without those promises and guarantees Plaintiffs would never have agreed to the sale.

It is now clear that McLaughlin made these promises and guarantees in conspiracy with the other

Defendants and Chambers with the intention of not fulfilling them for the sole purpose of inducing

PLAINTIFFS' ORIGINAL PETITION – Page 7

Plaintiffs to sell Panaband to him and his controlled entities. Additionally, in direct contradiction to McLaughlin's promises, Plaintiff subsequently discovered that the equity held by TKM was not marketable, but was in fact restricted.

6.12    McLaughlin used Blue, TKM, Lighthouse, and Apollo as part of a sham to perpetrate a fraud on Plaintiffs. Furthermore, McLaughlin operated Blue, TKM, Lighthouse and other entities as his mere tool or business conduit. He used each of these corporations to perpetrate an actual fraud on Plaintiffs primarily for his direct personal benefit. As such, in addition to his direct liability for participation in the fraud, the corporate form should be disregarded and McLaughlin should have direct and personal liability for all acts of Blue, TKM and/or Lighthouse.

## CAUSES OF ACTION

### VII:  Suit on Note / Breach of Contract

7.1.    Plaintiffs incorporate by reference the preceding allegations, excepting only those, if any, which are inconsistent with this cause of action.

7.2.    As set forth above, the Stock Purchase Agreement, Note, Debenture and related documents (collectively referred to as the "Transaction Documents") represent a valid, enforceable contract or contracts between and among Plaintiffs and Defendants. Such parties are in privity with each other, and Plaintiffs performed, tendered performance, and/or were excused from performing their contractual obligations under said Transaction Documents. By virtue of their acts and/or omissions referenced above, Defendants breached their agreements, and their breaches caused Plaintiffs injury, for which Plaintiffs hereby sue Defendants, jointly and severally.

7.3    Defendants Blue and TKM breached the Note by failing to pay to Plaintiffs the monies owed under the Note. The past due amounts, late payment penalties provided for in § 8 of

the Note's General Terms, plus the note payments accelerated by Blue's Default make the total now due under the Note $233,346.10. Plaintiffs thus sue Blue and TKM and seek to recover damages based upon the Note.

7.4     Defendants Blue, TKM and Lighthouse breached the Debenture by failing to provide financial documents to Plaintiffs, by failing to pay to Plaintiffs $1,000,000 in cash, and/or by failing to convert the Debenture into $1,000,000 of Blue stock or other marketable securities with equal value.

7.5     By virtue of the shams and frauds referenced above, McLaughlin is personally liable for the breaches of the Note and the Debenture

## VIII: Common Law Fraud, Fraudulent Inducement and Constructive Fraud

8.1.     Plaintiffs incorporate by reference the preceding allegations, excepting only those, if any, which are inconsistent with this cause of action.

8.2.     By virtue of the acts and omissions of Defendants referenced above, Defendants have committed fraud against Plaintiffs.

8.3.     Defendants made the material misrepresentations and statements to Plaintiffs referenced above, which were false when made, and Defendants made such misrepresentations with knowledge of their falsity or recklessly without any knowledge of the truth and as a positive assertion. Defendants made the promises and guarantees referenced above with the present intent and full knowledge that they would not comply with same.

8.4     By virtue of those acts and omissions of Defendants referenced above, they concealed and failed to disclose material facts within their knowledge, or they disclosed only portions of such material facts without disclosing all material facts, and they knew that Plaintiffs were ignorant of

such facts and were relying thereon and did not have an equal opportunity to discover the truth. Defendants had a duty to speak but deliberately remained silent; thus, their silence is equivalent to false representations.

8.5.    Defendants made these material misrepresentations for the purpose and with the intent that they should be acted upon by Plaintiffs and that they should remain ignorant of the herein-described wrongful acts and omissions.

8.6.    Plaintiffs relied upon these material misrepresentations, concealments, and omissions and thereby suffered injury and damage.

8.7.    As a direct and proximate result of the above-described fraud perpetrated by Defendants, Plaintiffs have suffered actual, consequential, and special damages. Plaintiffs hereby sue Defendants for all of the following remedies.

8.8.    Plaintiffs sue for a money judgment for damages against Defendants.

8.9.    Plaintiffs further sue for all Benefits (or the value thereof) deriving from Defendants' said fraudulent acts and/or omissions and for the imposition of a constructive trust on and over all such Benefits for the benefit of Plaintiffs.

## IX:  Negligent Misrepresentations

9.1.    Plaintiffs incorporate by reference the preceding allegations, excepting only those, if any, which are inconsistent with this cause of action.

9.2.    By virtue of the herein-described acts and omissions of Defendants, Defendants made representations to Plaintiffs in a transaction in which they had an interest.  In connection therewith, said Defendants supplied false information for the guidance of others, including Plaintiffs.  In obtaining or communicating said information, said Defendants did not exercise reasonable care or

competence. Plaintiffs justifiably relied upon said representations, and said Defendants' negligent misrepresentations proximately caused injury and actual damages to Plaintiffs, for which they hereby sue such Defendants, jointly and severally.

### X:  Statutory Stock Fraud

10.1    Plaintiffs incorporate by reference the preceding allegations, excepting only those, if any, which are inconsistent with this cause of action.

10.2    By virtue of Defendants' acts and omissions described herein, Defendants have committed statutory stock fraud against Defendants, in violation of Texas Business & Commerce Code § 27.01 regarding fraud in a transaction involving stock.

10.3    Specifically, Defendants made material false representations and/or omissions of past or existing facts to Plaintiffs for the purpose of inducing Plaintiffs to sell all of the stock of DSG and enter into the Transaction Documents, and Plaintiffs relied upon said false representations and/or omissions in entering into said instruments.

10.4    Additionally and alternatively, Defendants made such material false promises to Plaintiffs to do or perform those specified acts with the intention of not fulfilling those promises and for the purpose of inducing Plaintiffs to sell all of the stock of DSG and enter into the Transaction Documents, and Plaintiffs relied upon these false promises in entering into said instruments.

10.5    As a direct and proximate result of such fraud, Plaintiffs have been damaged and injured as described herein in the minimum amount of $1,233,346.10., and Defendants hereby sue Plaintiffs for such damages, and all other direct, special, and consequential damages.

10.6    Additionally and alternatively, because Defendants made the above-referenced false representations, omissions, and promises with actual awareness of the falsity thereof, Defendants are

liable to Plaintiffs for punitive or exemplary damages, for which Plaintiffs hereby sue Defendants pursuant to Texas Business & Commerce Code § 27.01(c).

10.7    Additionally and alternatively, Plaintiffs sue for an award of their reasonable attorneys' fees and expenses, expert witness fees, costs for copies of depositions, and all costs of court, pursuant to Texas Business & Commerce Code § 27.01(e).

### XI:  Punitive Damages

11.1.    Plaintiffs incorporate by reference the preceding allegations, excepting only those, if any, which are inconsistent with this cause of action.

11.2.    Plaintiffs' above-described injury and damages resulted, proximately and directly, from the fraud, malice, and willful acts and/or omissions of Defendants.  Moreover, in committing their wrongful acts and omissions, Defendants proceeded with conscious indifference to or reckless disregard for the rights, safety, and welfare of Plaintiffs and others.  Consequently, under Texas Civil Practice & Remedies Code § 41.003, and applicable law, Defendants are liable for punitive and exemplary damages to Plaintiffs, for which Plaintiffs hereby sue Defendants.

### XII:  Attorneys' Fees and Expenses

12.1.    Defendants are liable to Plaintiffs in this proceeding for Plaintiffs' reasonable attorneys' fees and expenses, expert witness fees, costs for copies of depositions, and costs of Court pursuant to Texas Business & Commerce Code § 27.01, Texas Civil Practice & Remedies Code Chapters 37 and 38, the Transaction Documents and/or the equitable powers of this Court. Accordingly, Plaintiffs hereby sue Defendants, jointly and severally, for Plaintiffs' attorneys' fees and expenses, expert witness fees, costs for copies of depositions, costs, and all other expenses incurred or to be incurred in prosecuting this case through trial and any appeals, mandamus actions,

and/or petitions for review or certiorari or ancillary proceedings.

### XIII:  Conditions Precedent

13.1.   All conditions precedent to Plaintiffs' right to recover for each of the foregoing causes of action and remedies have been performed or otherwise satisfied or have occurred.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that they obtain judgment against Defendants, jointly and/or severally, in their individual, personal, and representative capacities, as requested in Plaintiffs' Original Petition, including the following:

(1)    Plaintiffs be awarded the actual, consequential, and special damages requested above against Defendants;

(2)    Plaintiffs recover the exemplary or punitive damages against Defendants requested above in an amount to be determined at trial;

(3)    Plaintiffs recover their reasonable attorneys' fees and expenses, expert witness fees, costs for copies of depositions, and all costs of court;

(4)    Plaintiffs recover pre-judgment interest and post-judgment interest at the highest rates allowed by law or by equity and/or by contract or agreement; and

(5)    Plaintiffs be awarded such other and further relief, general or special, at law or in equity, as requested above or to which they may be justly entitled.

Respectfully submitted,

**RADER & CAMPBELL**
(A PROFESSIONAL CORPORATION)

_____

McCord Wilson
State Bar No. 00785266
Stemmons Place
2777 Stemmons Fwy., Suite 1125
Dallas, Texas 75207
Telephone No.: (214) 630-4700
Telecopy No.:  (214) 630-9996

**ATTORNEY FOR PLAINTIFFS**